# Gee v. Pittsburgh Railways Co., Appellant.

*Negligence—Street railway—Answers to points.*

In an action of trespass against a street railway company to recover damages for personal injuries, the Supreme Court will reverse a judgment for plaintiff and award a venire facias de novo where points presented by the defendant correctly stating the law as applied to the facts were improperly modified in the answers of the court.

Argued October 16, 1912. Appeal, No. 44, Oct. T., 1912, by defendant, from judgment of C. P. Washington Co., Feb. T., 1911, No. 198, on verdict for plaintiff in case of Jonas M. Gee v. Pittsburgh Railways Company. Before BROWN, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Reversed.

Trespass to recover damages for personal injuries. Before TAYLOR, J.

Plaintiff was injured through being struck by one of defendant company's cars at the intersection of two streets in Monongahela City on May 9, 1910.

Verdict and judgment for plaintiff for $3,200. Defendant appealed.

*Errors assigned* were (1-5) answers to points.

*R. W. Irwin,* with him *James A. Wiley,* for appellant.

*Harry L. Williams,* with him *J. R. McCreight* and *W. A. H. McIlvaine,* for appellee.

OPINION BY MR. JUSTICE ELKIN, January 6, 1913:

We cannot agree with the learned counsel for appellant that under the evidence presented by this record plaintiff should have been declared guilty of contributory negligence as a matter of law. We are all of opinion that as to the negligence of the defendant and the contributory negligence of the plaintiff the case was for the jury. However, in our view of the case, the second, third and fourth points presented by the learned counsel for defendant at the trial correctly stated the law as applied to the facts and should have been affirmed without qualification. These points are made the subject of the first, second and third assignments of error. But even with the affirmance of these points it was for the jury to say whether under all the circumstances the plaintiff was or was not guilty of contributory negligence. These points correctly stated the duty of a traveler as he approaches the tracks of a street railway at a regular crossing, and the defendant was entitled to have the jury instructed as to what the law requires. No useful purpose can be served by a recital of the facts in this particular case and a discussion of the law applicable to this and other like cases. This controversy is

within narrow limits and the general principles of law are well understood. The case must be retried for the reasons hereinbefore mentioned and the errors herein pointed out can then be corrected. The first, second and third assignments of error are sustained and the remaining assignments are overruled.

Judgment reversed and a venire facias de novo awarded.